GARY M. RESTAINO
United States Attorney
District of Arizona
DAVID P. PETERMANN
Assistant U.S. Attorney
Ohio State Bar No. 0071332
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
David.petermann@usdoj.gov
Attorneys for Plaintiff

☒ FILED          ☐ LODGED

**Nov 30 2022**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                         Plaintiff,<br><br>          vs.<br><br>Kathleen Mullen,<br><br>                         Defendant. | CR-22-1030-TUC-SHR (EJM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1.      The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with a felony violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), Possession with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of actual methamphetamine.  Counts 1 and 3 of the Indictment will be dismissed at sentencing.

### Elements of the Offense

2.      The elements of the offense are as follows:

          a.      The defendant knowingly and intentionally possessed 50 grams or more of actual methamphetamine, as charged in count two of the Indictment.

b.     The defendant intended to distribute that methamphetamine to another person.

c.     As a sentencing factor, the government would be required to prove that the quantity of a mixture or substance that contained a detectable amount of actual methamphetamine was at least 50 grams (approximately 9.83 kilograms).

Maximum Penalties

3.     The defendant understands that the maximum penalties for the offense to which he/she is pleading are a fine of $10,000,000, a term of life imprisonment with a mandatory minimum term of ten years, or both, and a term of between 5 years and lifetime supervised release.

4.     The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

5.     Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

Immigration Consequences

6.     The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

- 2 -

## STIPULATIONS, TERMS AND AGREEMENTS

### Agreements Regarding Sentencing

8.    Guideline Calculations: Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties stipulate and agree that the following guideline calculations are appropriate for the charge for which the defendant is pleading guilty should the Court find that the defendant was an average participant in the offense:

| | | |
|---|---|---|
| Base Offense Level (9.83 kilograms of actual meth) | 2D1.1(c)(7) | 38 |
| Importation of meth | 2D1.1(b)(5) | +2 |
| Safety Valve* | 2D1.1(b)(18) | -2/0 |
| | [18 U.S.C. §3553(f)] | |
| Acceptance of Responsibility | 3E1.1(a) & (b) | -3 |
| Early Disposition/Government Savings | 5K3.1/5K2.0 | -4 |
| Total Adjusted Offense Level: | | 31/33 |

*Safety Valve:  Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and (C), the United States and the defendant stipulate that the defendant shall receive a two-level reduction in the guideline offense level if the defendant meets all five criteria required for the defendant's eligibility for the "safety valve" reduction pursuant to the United States Sentencing Guidelines §§ 2D1.1(b)(18) and 5C1.2(a).  However, if the defendant is ineligible under the United States Sentencing Guidelines but qualifies for "safety valve" under the expanded Safety Valve Relief under the First Step Act pursuant to 18 U.S.C. § 3553(f), then the United States will recommend that the defendant receive a two-level downward variance pursuant to 18 U.S.C. § 3553(a).  In exchange for the recommendation, the defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) if the United States Sentencing Commission amends Section 5C1.2 to reflect the safety valve provisions under the First Step Act and makes that amendment retroactive.  If the defendant

is not eligible for "safety valve" relief under the guidelines or under the First Step Act, then the parties agree that this particular provision will be void and all other provisions of this plea agreement shall remain in full force and effect.

9.    <u>Sentencing Agreement if Defendant is Safety Valve Eligible</u>:  Pursuant to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, if the defendant is eligible for "safety valve" as set forth above in paragraph 8:

108 to 135 months imprisonment if defendant's Criminal History Category is I;

121 to 151 months imprisonment if defendant's Criminal History Category is II;

135 to 168 months imprisonment if defendant's Criminal History Category is III;

151 to 188 months imprisonment if defendant's Criminal History Category is IV.

a.    The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated ranges listed above.

b.    The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines.   The defendant may argue for a mitigating role adjustment under U.S.S.G. § 3B1.2, and the government may argue against the adjustment.  If the Court grants the mitigating role adjustment, the government will not withdraw from the agreement if the resulting sentence is below the stipulated range in this agreement.

c.    The defendant may argue for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, and the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement.

10.    <u>Sentencing Agreement if Defendant is Not Safety Valve Eligible</u>:  Pursuant to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, if the defendant is not eligible for sentencing under the provisions of paragraph 9

because the defendant has not met the eligibility requirements of "safety valve" (as described above in paragraph 8):

135 to 168 months imprisonment if defendant's Criminal History Category is I;

151 to 188 months imprisonment if defendant's Criminal History Category is II;

168 to 210 months imprisonment if defendant's Criminal History Category is III;

188 to 235 months imprisonment if defendant's Criminal History Category is IV;

210 to 262 months imprisonment if defendant's Criminal History Category is V;

235 to 293 months imprisonment if defendant's Criminal History Category is VI.

a. The defendant may withdraw from the plea agreement if he/she receives a sentence in excess of the stipulated ranges listed above. The government may withdraw from the plea agreement if the Court sentences the defendant below the mandatory minimum term of imprisonment for this offense.

b. The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines. The defendant may argue for a mitigating role adjustment under U.S.S.G. § 3B1.2, and the government may argue against the adjustment. If the Court grants the mitigating role adjustment, the government will not withdraw from the agreement if the resulting sentence is below the stipulated range in this agreement.

c. The defendant may argue for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, and the government may oppose the requested variance. The government, however, will not withdraw from the agreement if the defendant argues for, and the Court grants, a variance below the stipulated range in this agreement provided that the sentence is not below the mandatory minimum term of imprisonment.

11. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be

required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

12.     The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

13.     The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14.     If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5), giving the defendant, in accordance with Fed. R. Crim. P. 11(d)(2)(A), an opportunity to withdraw his guilty plea.

Forfeiture

15.     Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.  Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights

16.     Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the

manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 293 months imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Reinstitution of Prosecution

17. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the

United States pursuant to this agreement may be used against the defendant in all such proceedings.

18.    If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated.  In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

Plea Addendum

19.    This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

20.  I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

21.    I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

- 8 -

22.     I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea.  I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

23.     My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement.  I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

24.     I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

25.     I am satisfied that my defense attorney has represented me in a competent manner.

26.     I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

<u>Factual Basis and Relevant Conduct</u>

27.     I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offense beyond a reasonable doubt:

On April 8, 2020, while attempting to cross into the United States from Mexico I was stopped at the DeConcini POE in Nogales, Arizona.  I was the sole occupant and driver of the vehicle.  During inspection of my vehicle, approximately 9.83 kilograms of actual methamphetamine and 623 grams of powder cocaine were discovered hidden in an after-factory compartment of

my vehicle.  I was aware the vehicle contained the methamphetamine and it was my intent to deliver the drugs in the vehicle to another person in the United States.

Elena M. Kay
Digitally signed by Elena M. Kay
Date: 2022.11.28 13:07:06 -07'00'

_____                    _____
Date                                                  Kathleen Mullen
                                                           Defendant

## DEFENSE ATTORNEY'S APPROVAL

28.     I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal.  No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement.  I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Elena M. Kay
Digitally signed by Elena M. Kay
Date: 2022.11.28 13:08:41 -07'00'

_____                    _____
Date                                                  Elena Kay
                                                           Attorney for Defendant

## GOVERNMENT'S APPROVAL

29.     I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

DAVID PETERMANN
Digitally signed by DAVID PETERMANN
Date: 2022.11.28 12:28:38 -07'00'

_____                    _____
Date                                                  David P. Petermann
                                                           Assistant U.S. Attorney